UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VINCENT RODRIGUEZ,

                    Petitioner,

vs.                              Case No.  2:06-cv-609-FtM-36SPC

SECRETARY, FLORIDA DEPARTMENT OF
CORRECTIONS,

                    Respondent.
_____


## OPINION AND ORDER

### I. Status

Petitioner Vincent Rodriguez (hereinafter "Petitioner" or "Rodriguez") initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus ("Petition," Doc. #1) pursuant to 28 U.S.C. § 2254 on November 6, 2006.[1]  The Petition challenges Rodriguez' January 8, 2003 state court judgment of conviction for trafficking of cocaine that was entered in the Twentieth Judicial Circuit Court, Lee County, Florida (case number 02-0505-CF).  Petition at 1.  The Petition raises the following grounds for relief:

    Ground 1 - Unconstitutional Search and Seizure;

    Ground 2 - Evidence Obtained Pursuant to Illegal Arrest;

    Ground 3 - Ineffective Assistance of Counsel for:

_____

[1]The Petition was filed in this Court on November 9, 2006; however, the Court applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing." *Alexander v. Sec'y Dep't of Corr.*, 523 F.3d 1291, 1294 n.4 (11th Cir. 2008).

> (a)   failure to impeach key witnesses;
>
> (b)   failure to call exculpatory witnesses;
>
> (c)   failure to object to introduction of evidence suppressed by the court;
>
> (d)   failure to make timely contemporaneous objection;
>
> (e)   failure to secure judicial ruling on motion for mistrial; and
>
> (f)   failure to preserve key issues for appellate review.

*Id.* at 5-8.

In accordance with the Court's Order to Show Cause (Doc. #6), Respondent filed a Response to the Petition (Doc. #8, Response) with supporting exhibits (Exhs. 1-19), including the record on appeal (Exhs. 3A-3E), which includes a copy of the trial transcript (Exh. 3C). After being granted an extension of time (Doc. #12), Petitioner filed a Reply to Respondent's Response (Doc. #14, Reply). This matter is ripe for review.

## II. Procedural History

On March 22, 2002, Rodriguez was charged by Information with trafficking in 28 grams or more of cocaine, in violation of § 893.135(1)(b) and § 777.011 of the Florida Statutes. Exh. 3A at 8, 10. Rodriguez, represented by the State public defender, entered a written plea of not guilty. *Id.* at 11. Prior to trial, defense counsel filed two motions: (1) Motion to Suppress Evidence; and, (2) Motion to Suppress Admissions or Confession. *Id.* at 14, 17.

The court held an evidentiary hearing on the motions on November 22, 2002, after which the court denied both motions. *Id.* at 20-80. Rodriguez proceeded to trial on January 8, 2003, and the jury returned a verdict of guilty as charged. Exh. 3C. The same day, the court sentenced Rodriguez to 12 years imprisonment. Exh. 3B at 115-120.

Represented by the public defender, Rodriguez raised one issue on direct appeal, which is not relevant to the instant Petition. Exh. 4. After briefing by the parties, the appellate court *per curiam* affirmed Rodriguez' conviction and sentence on March 19, 2004. Exhs. 5, 6, 7; *Rodriguez v. State*, 875 So. 2d 618 (Fla. 2d DCA 2004).

On June 8, 2004, Rodriguez filed a *pro se* petition for writ of habeas corpus alleging five grounds of ineffective assistance of appellate counsel. Exh. 8. The appellate court directed the State to file a response as to only one ground: whether appellate counsel was ineffective for failing to argue the trial court's determination of probable cause to support an arrest. Doc. #1-2 at 1, Exh. 9. On October 28, 2004, the appellate court denied Rodriguez' petition. Exh. 11.

On February 22, 2005, Rodriguez filed a *pro se* motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure raising five of the six grounds of ineffective assistance of trial counsel articulated in the instant

Petition: (1) failure to impeach key witnesses (ground 3(a)); (2) failure to call exculpatory witnesses (ground 3(b)); (3) failure to object to introduction of evidence suppressed by the court (ground 3(c)); (4) failure to make timely contemporaneous objection (ground 3(d)); and (5) failure to secure judicial ruling on motion for mistrial(ground 3(e)). Exh. 12. The State filed a response attaching portions of the record. Exhs. 13-14.

On March 13, 2006, the post-conviction trial court dismissed Rodriguez' Rule 3.850 motion. Exh. 15. The post-conviction trial court citing to, *inter alia*, *Strickland v. Washington*, 466 U.S. 668 (1984), stated that:

> The benchmark for judging claims of ineffectiveness of counsel is whether counsel's performance undermined the proper functioning of the adversarial process, thereby producing a result which cannot be relied on, that is, but for the deficient performance the outcome would be different.

Exh. 15 at 1, ¶3. The post-conviction trial court then addressed each of the five claims of ineffective assistance of counsel identified by Rodriguez. *Id.* at 2-3, ¶¶4-8. In summation, the post-conviction court found:

> all five allegations are either refuted by the record, without merit, or fail to demonstrate that counsel's performance was deficient and that deficiency in performance prejudiced [Rodriguez].

*Id.* at 3, ¶9.

The appellate court *per curiam* affirmed the post-conviction trial court's denial of Rodriguez' Rule 3.850 motion on September

6, 2006. Exhs. 16, 17; *Rodriguez v. State*, 939 So. 2d 105 (Fla. 2d DCA 2006). Rodriguez' motion for rehearing was denied. Exh. 18.

### III. Applicable § 2254 Law

Rodriguez filed his timely[2] Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action. *Abdul-Kabir v. Quarterman*, 127 S. Ct. 1654, 1664 (2007); *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Davis v. Jones*, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007). Under AEDPA, the standard of review "is 'greatly circumscribed and is highly deferential to the state courts.' *Crawford v. Head*, 311 F.3d 1288, 1295 (11th Cir. 2002)." *Stewart v. Sec'y Dep't of Corr.*, 476 F.3d 1193, 1208 (11th Cir. 2007). See also *Parker v. Sec'y Dep't of Corr.*, 331 F.3d 764 (11th Cir. 2003). AEDPA altered the federal court's role in reviewing state prisoner applications in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

### A. Federal Question

A federal court may only entertain an application for a writ of habeas corpus from a state prisoner who claims his custody violates the "Constitution or the laws or treaties of the United

---

[2]The AEDPA imposes a one-year statute of limitations on § 2254 actions. 28 U.S.C. § 2244(d). Respondent submits that the Petition is timely filed. Response at 13. The Court agrees.

States." 28 U.S.C. § 2254(a). Questions of state law are generally insufficient to warrant review or relief by a federal court under § 2254. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000). A violation of a state rule of procedure, or of state law itself, is not a violation of the federal constitution. *Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989). "It is a fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters." *Herring v. Sec'y. Dep't of Corr.*, 397 F.3d 1338, 1355 (11th Cir. 2005)(internal quotations and citations omitted). Although the determination of whether a constitutional decision of the Supreme Court is a matter of federal law, "[w]hen questions of state law are at issue, state courts generally have the authority to determine the retroactivity of their own decisions." *Danforth v. Minnesota*, 128 S. Ct. 1029, 1048 (2008).

**B. Exhaustion and Procedural Default**

A federal court may only review an issue under § 2254 if petitioner first afforded the state courts an adequate opportunity to address that issue. 28 U.S.C. § 2254(b)(1)(A).

> Before seeking a federal writ of habeas corpus, a state
> prisoner must exhaust available state remedies, 28 U.S.C.
> § 2254(b)(1), thereby giving the State the opportunity to
> pass upon and correct alleged violations of its

> prisoners' federal rights.  To provide the State with the
> necessary opportunity, the prisoner must fairly present
> his claim in each appropriate state court (including a
> state supreme court with powers of discretionary review),
> thereby alerting that court to the federal nature of the
> claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004)(internal citations and quotations omitted.)  This imposes a "total exhaustion" requirement in which all the federal issues must have first been presented to the state courts.  *Rhines v. Weber*, 544 U.S. 269, 274 (2005).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  *See also Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)); *Duncan v. Henry*, 513 U.S. 364, 365 (1995)(stating "exhaustion of state remedies requires that petitioners 'fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights'").  "A claim is procedurally defaulted if it has not been exhausted in state court and would now be barred under state procedural rules."  *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008).

**<u>Ground 1 and Ground 2</u>**

Respondent submits that Petitioner failed to exhaust grounds one and two of the instant Petition, and that these claims are now procedurally defaulted. Response at 14. In particular, Respondent points out that these grounds should have been raised on direct appeal, but were not. *Id.* As noted by Respondent, Petitioner concedes that grounds one and two "were not preserved properly by defense counsel for appellate review." Petition at 12. In the alternative, Respondent argues that grounds one and two fail to raise a federal claim. *Id.* at 15.

The Court finds that the record irrefutably demonstrates that Petitioner did not exhaust either ground one or ground two in the State courts. In his Reply, Petitioner argues that the procedural default of these two grounds should be excused because trial counsel failed to preserve these issues for appellate review. Reply at 2-3.

A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances. First, a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error. *House v. Bell*, 547 U.S. 518, 536-37 (2006); *Mize*, 532 F.3d at 1190. "Cause" ordinarily requires a petitioner to demonstrate "that some objective factor external to the defense impeded the effort to

raise the claim properly in the state court." *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) (quoting *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999)). Constitutionally ineffective assistance of counsel can constitute cause if that claim is not itself procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). To show "prejudice," a petitioner must demonstrate that there is "at least a reasonable probability that the result of the proceeding would have been different." *Henderson*, 353 F.3d at 892.

Although not applicable here, a petitioner also may obtain federal habeas review of a procedurally defaulted claim without a showing of cause and prejudice, if such review is necessary to correct a fundamental miscarriage of justice. *House*, 547 U.S. at 536; *Edwards*, 529 U.S. at 451; *Henderson*, 353 F.3d at 892. However, this exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson*, 353 F.3d at 892. *See also House*, 547 U.S. at 536-37 (finding prisoner asserting actual innocence must establish that, "in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt") (citation omitted).

Petitioner asserts that the first exception to the procedural default doctrine is applicable to his claims. In particular,

Petitioner argues that trial counsel's failure to preserve these two issues for appellate review prejudiced him. Petitioner did, in fact, raise trial counsel's failure to preserve the suppression of his statement to police, which were made after his arrest, in his Rule 3.850 motion. Exh. 12 at 15 (claim 4). The post-conviction trial court denied Petitioner relief on this claim recognizing that, pursuant to applicable Florida law,[3] counsel need not make "renewed objections at trial concerning evidence which was previously and definitively excluded or admitted." Exh. 15 at 3, ¶ 7. Thus, the trial court found, contrary to Petitioner's assertion, that the "issue[s] could have been raised on appeal and [Rodriguez] was not prejudiced by the omission." *Id.* Consequently, Petitioner cannot establish the circumstances that are necessary to excuse his procedural default of grounds one and two. As a result, grounds 1 and 2 of the Petition are procedurally barred because Petitioner has failed to present these grounds to the State court for their consideration on direct review. See e.g. *Cone v. Bell*, ___ U.S. ___, 129 S.Ct. 1769, 1781 (2009)(stating "[a] claim is procedurally barred when it has not been fairly presented to the state courts for their initial consideration.").

---

[3]Florida Rule of Appellate Procedure 90.104(1)(b) was amended while Petitioner's case was pending appeal. Under *Smith v. State*, 598 So. 2d 1063, 1066 (Fla. 1992), Petitioner was afforded the benefit of the amended rule change. Exh. 15 at 3, ¶ 7.

Further, even if Petitioner could establish that trial counsel's failure to preserve these issues constituted cause for and actual prejudice to excuse his failure to exhaust these two claims, Petitioner nonetheless is not entitled to relief on either of these claims. As noted earlier, Petitioner raised both of these claims in his two pretrial motions and was afforded an evidentiary hearing on both of these issues. *See supra* at 3-4. Petitioner's substantive claim of a violation of his Fourth Amendment rights is not cognizable in this habeas action pursuant to *Stone v. Powell*, 428 U.S. 465 (1976). Petitioner's "opportunity for full and fair litigation" of his claims triggers the bar of *Stone v. Powell*, precluding federal review of his Fourth Amendment claim. *Hearn v. Florida*, 326 Fed. Appx. 519, 521 (11th Cir. 2009)(reaffirming that as long as a defendant in a criminal case has the opportunity for full and fair consideration by the fact-finding court, whether or not the defendant avails himself of the opportunity, then *Stone* bars review by the federal habeas court); *Mincey v. Head*, 206 F.3d 1106, 1126 (11th Cir. 2000)("[W]here there are disputed facts, full and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by higher state court.").

Petitioner has failed to demonstrate that he was not afforded a full and fair opportunity to develop the factual issues of his case. Indeed, the record reveals that Petitioner was provided an

evidentiary hearing prior to trial on both of his claims at which the trial court made findings of fact. *See* Exh. 3A at 20-81. An allegation that the state court erred in denying a motion to suppress does not suffice to avoid the *Stone* bar. *See Swicegood v. Alabama*, 577 F.2d 1332, 1324 (5th Cir. 1978)(holding that the *Stone* bar applies despite an error by the state court in deciding the merits of a Fourth Amendment claim.).[4]  Accordingly, in the alternative, *Stone* bars federal habeas review of Petitioner's constitutional claims raised in grounds one and two; and thus, both of these grounds are dismissed.

**C.  Deference to State Court Decision**

Where a petitioner's claim raises a federal question, was exhausted, is not procedurally barred, and was adjudicated on the merits in the state courts, the federal court must afford a high level of deference to the state court's decision. *See, e.g.*, *Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008). Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

[4]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of the
> evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See Brown v. Payton*, 544 U.S. 133, 141 (2005); *Price v. Vincent*, 538 U.S. 634, 638-39 (2003). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. *Ferguson*, 527 F.3d at 1146.

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. *Carey v. Musladin*, 549 U.S. 70, 74 (2006)(citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). "[T]o be 'contrary to' clearly established federal law, the state court must either (1) apply a rule that contradicts the governing law set forth by Supreme Court case law, or (2) reach a different result from the Supreme Court when faced with materially indistinguishable facts." *Ward*, 591 F.3d at 1155 (internal quotations and citation omitted); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003). A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown*, 544 U.S. at 134; *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), *cert. denied*, 534 U.S. 956 (2001); or, "if the state court either unreasonably extends a legal principle from [Supreme Court]

-13-

precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 120 S. Ct. at 1520). The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75-77 (2003) (citation omitted); *Mitchell*, 540 U.S. at 17-18; *Ward*, 592 F.3d at 1155.

### D. Ineffective Assistance of Counsel

Petitioner raises six separate instances of ineffective assistance of counsel in his Petition. Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d). *Newland v. Hall*, 527 F.3d 1162, 1183 (11th Cir. 2008). Post-AEDPA, the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case. *Newland*, 527 F.3d at 1184. In *Strickland*, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, *i.e.*, "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient

-14-

performance prejudiced the defendant, *i.e.*, there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 688; *see also Bobby Van Hook*, 558 U.S. ___, 130 S. Ct. 13, 16 (2009). Thus, a habeas court's review of a *Strickland* claim is "doubly deferential." *Knowles v. Mirzayance*, ___ U.S. ___, 129 S.Ct. 1411, 1420 (2009)(citations omitted). The relevant inquiry "is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable - a substantially higher threshold." *Id.*, 129 S.Ct. at 1420.

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." *Bobby Van Hook*, 130 S. Ct. at 17 (internal quotations and citations omitted). It is petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." *Jones v. Campbell*, 436 F.3d 1285, 1293 (11th Cir. 2006), *cert. denied sub nom. Jones v. Allen*, 127 S. Ct. 619 (2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (quoting *Strickland*, 466

U.S. at 690), applying a "highly deferential" level of judicial scrutiny. *Id.* A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. An attorney is not ineffective for failing to raise or preserve a meritless issue. *Ladd v. Jones*, 864 F.2d 108, 109-10 (11th Cir.), *cert. denied sub nom. Ladd v. Burton*, 493 U.S. 842 (1989); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)).

## IV. Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. *Schriro v. Landrigan*, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, *Chandler v. McDonough*, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. *Schriro*, 127 S. Ct. at 1940.

The record reflects that the state courts applied the clearly determined federal law as determined by the Supreme Court of the United States. As noted earlier, the post-conviction judge cited to and analyzed each of Petitioner's ineffective assistance of counsel claims under the *Strickland* standard. *See supra* at 4. Therefore, the proper standard for ineffective assistance of counsel was applied. The Florida court also determined that no evidentiary hearing was necessary because the record conclusively refuted Petitioner's claims. This holding also is consistent with federal law. *See e.g. Schriro*, 550 U.S. 465, 474 (2007)("It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

Thus, the Court must determine whether the state court unreasonably applied the *Strickland* standard to the facts of Petitioner's case. In other words, Petitioner must demonstrate that the state court's decision was "objectively unreasonable" not just incorrect or erroneous. *Williams v. Taylor*, 529 U.S. at 413. Consequently the Court will review the record as to each of the grounds alleging ineffective assistance of trial counsel, to the extent that Petitioner raised these grounds in his Rule 3.850 motion and the appeal therefrom.

**Ground 3(a)**

Petitioner contends that trial counsel was ineffective for failing to impeach key witnesses. Petition 8. Petitioner raised

this claim as his first claim in his Rule 3.850 motion. Exh. 12 at 6-10. Therein, Petitioner faults trial counsel for failing to impeach the prosecution's witness, Detective Catania, with Catania's testimony from the suppression hearing, which Petitioner argues was inconsistent with Catania's testimony at trial. *Id.* at 6-9. In particular, Petitioner states that during the suppression hearing, Catania testified that "when he arrived at the restaurant, he did not see [Rodriguez]." *Id.* at 6. During trial, Catania testified that "he saw [Rodriguez] sitting in the red Taurus when he arrived at the restaurant." *Id.* Petitioner argues that the prejudice from counsel's failure to impeach Catania is "intrinsic" because "Catania's testimony was the only testimony presented to show that [Rodriguez] was a participant in the actual crime. . . ." *Id.* at 8-9.

The State post-conviction court, in denying Petitioner relief on this claim, found in pertinent part:

> Defendant's first allegation, that trial counsel was ineffective for failing to impeach a key State witness is conclusively refuted by record. Defendant claims that there is a discrepancy in Detective Catania's testimony at trial and during a suppression hearing concerning when or whether he saw Defendant sitting in the red Taurus and that counsel was ineffective for failing to impeach Catania. However, a reading of the trial transcript shows that counsel did question Catania about that issue on cross examination. See a copy of the trial transcript pp 45-60, attached hereto. Moreover, assuming that counsel provided ineffective assistance when he failed to impeach Cantania's testimony on this collateral issue, the error would be harmless. *Johnson v. State*. 699 So. 2d 257 (Fla. 5th DCA 1997).

Exh. 15 at 2, ¶4.  The record reflects that, at the evidentiary hearing, Detective Catania testified that he had previously seen a red Ford Taurus at the target's residence.  Exh. 14 at 6.  Catania again "noticed the Ford Taurus when [he] arrived" at the Burger King for the drug transaction.  *Id.* at 8.  Catania explained that the reason Rodriguez was not "free to leave" the scene was because: "He had become a part of the investigation, in that his vehicle was seen at a prior transaction, [Ms. Beaver] retrieved the keys from him and a package was retrieved from his vehicle, the vehicle in which he was driving . . . ."  *Id.* at 18.  Contrary to Petitioner's characterization, Detective Catania did not unequivocally testify that "when he arrived at the restaurant, he did not see [Rodriguez]."  Thus, it is unclear on what basis defense counsel could have used Catania's testimony at the suppression hearing to impeach him at trial on this issue.  Additionally, the Probable Cause Affidavit, which was sworn to by Catania, stated that "Rodriguez, whom Detective Catania saw sitting in the red Taurus upon arrival at Burger King, advised [him] that the Taurus was his mother's."  Exh. 3A at 5.  Further, the trial record reflects that defense counsel did, in fact, press Catania regarding the apparent inconsistencies in Catania's testimony offered on direct examination.  Exh. 3C at 45-47.

Nonetheless, when Rodriguez testified on his own behalf at trial, he admitted that he drove to the Burger King in a red Ford Taurus.  *Id.* at 97.  Thus, even if Petitioner could establish

deficient performance by defense counsel, he could not show prejudice because his own testimony established that he was in the red Ford Taurus in which the drugs were located. Based upon the foregoing, the Court finds that the state court's decision on this ground was neither contrary to, nor an unreasonable application of, the clearly established federal law or an unreasonable determination of the facts. Thus, the Court denies ground 3(a) of the Petition as without merit.

**Ground 3(b)**

In ground 3(b), Petitioner alleges that counsel was ineffective for failing to call "exculpatory witnesses." Petition at 8. Petitioner fails to identify, in his Petition, which witnesses counsel failed to call and what testimony the witnesses would have offered. *See generally* Petition. Thus, the Court considers this ground to the extent raised in Petitioner's Rule 3.850 motion. There, Petitioner states that counsel failed to call Kim Beavers and Shane Villerino as witnesses on his behalf. Exh. 12 at 11. Petitioner claims that either or both witnesses would have testified, as did Petitioner in his own behalf, that he was not aware that there were drugs in the car he was driving. *Id.*

The post-conviction trial court denied this ground for relief as follows:

> Defendant's second allegation states that trial counsel was ineffective for failing to call exculpatory witnesses, namely, Kim Beaver and Shane Villarino, who were also involved in this case. The State submits that Beaver pled to trafficking in cocaine and entered into a substantial assistance agreement with the State in

exchange for a probationary sentence and that Villarino also pled and negotiated a probation sentence three months after Defendant's trial. See Villarino's and Beaver's Probable Cause Affidavits and Orders of Community Control, attached hereto. Based upon these facts, it is highly unlikely that the "exculpatory witnesses" would have testified on Defendant's behalf and jeopardized their own negotiations with the State or would have chosen to further incriminate themselves. Accordingly, counsel could not have been ineffective for failing to call witnesses that would not have testified on Defendant's behalf.

Exh. 15 at 2, ¶5.

The Court finds ground 3(b) is without merit. "[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *Daniels v. McDonough,* 2006 WL 2620143 at *10 (M.D. Fla. 2006) (quoting *United States v. Ashimi,* 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted)). Consequently, "to successfully assert that trial counsel should have called a witness, a petitioner must first make a sufficient factual showing substantiating the proposed witness' testimony." *Daniels,* 2006 WL 2620143 at *10 (citing *United States v. Schaflander,* 743 F.2d 714, 721 (9th Cir. 1984)). Sworn affidavits from the potential witnesses stating what testimony they would have provided can sustain this showing. *Daniels*, 2006 WL 2620143 at *10. "In the absence of the necessary factual showing, Petitioner's mere conclusory allegations are insufficient to

warrant finding that trial counsel was ineffective for failing to call these witnesses to testify." *Id.* (citation omitted).

Here, Petitioner has failed to provide any evidence to substantiate what testimony Ms. Beaver or Mr. Villerino would have provided had either been called to testify. Petitioner's own conclusory allegations are insufficient to support a finding of ineffective assistance of counsel. Thus, the Court finds that the State court's decision on this ground was neither contrary to, nor an unreasonable application of, the clearly established federal law, and was not an unreasonable determination of the facts. The Court denies Petitioner relief on ground 3(b) of the Petition as without merit.

### Ground 3(c)

Next, Petitioner assesses blame to trial counsel for failing to object to the introduction of evidence that had been suppressed by the court. Petition at 8. More particularly, as set forth in Petitioner's Rule 3.850 Motion, the trial court had suppressed Rodriguez' statement made to Kim Beaver while they were in a holding cell in which he said "man, I was telling - - inaudible-- from the beginning that this dude don't smell right, Shane." Exh. 12 at 12. During cross-examination of Rodriguez, the prosecutor "brought out the very same statement that the court had suppressed." *Id.* at 14. The post-conviction court denied this ground and found:

Defendant's third allegation, that trial counsel was
ineffective for failing to object to the introduction of
suppressed evidence is also without merit. This
allegation involves a statement made to Beaver while they
were being recorded in a holding cell, which was "I was
telling . . . from the beginning that this dude don't
smell right, Shane." The pretrial order did prevent the
State from introducing the statement as part of their
case in chief through their own witnesses, however, it
did not prevent the statement from being used to impeach
Defendant's testimony as it was in this case. See
Defendant's testimony pp 94-106 of the trial transcript,
attached hereto. Therefore trial counsel could not have
been ineffective for raising an objection that had no
merit.

Exh. 15 at 2-3, ¶6. Here, during the State's cross-examination of

Rodriguez, the State asked Rodriguez if he ever told "Shane that

Tim Williams [the confidential informant] didn't smell right."

Exh. 3C at 105. Defense counsel objected on relevance. *Id.* After

the court overruled the objection, Rodriguez admitted that he did

make the statement. *Id.*

The Court denies ground 3(c) of the Petition as without merit.

The State court's decision on this ground was neither contrary to,

nor an unreasonable application of, the clearly established federal

law or an unreasonable determination of the facts. It is well

established that a defendant who takes the stand runs the risk of

opening the door to the introduction of incriminating statements

made by him that had otherwise been excluded, including even those

illegally obtained. *Harris v. New York*, 401 U.S. 222, 225 (1971);

*James v. Illinois*, 493 U.S. 307, 314 (1990).

**Ground 3(d) and 3(f)**

Grounds 3(d) and 3(f) of the Petition essentially raise the same issue: whether defense counsel was ineffective for failing to make a contemporaneous objection and thus preserve a key issue for appellate review. Petition at 8. Although separately enumerated in the Petition, the Court finds that grounds 3(d) and 3(f) were discussed together in ground four of Petitioner's Rule 3.850 motion. Thus the Court disagrees with Respondent that ground 3(f) is procedurally barred, and will address both grounds together and deem them exhausted to the extent Petitioner raised these grounds as ground four in his Rule 3.850 Motion. Therein, Petitioner faults defense counsel for failing to renew his objection at trial when Detective Catania testified to Rodriguez' statements made to him at the scene. Exh. 12 at 15-7. In particular, Petitioner points out that defense counsel placed an objection on the record, but well after Defendant Catania had already testified prompting the trial court to state "There is noting for me to rule on." *Id.* at 16. Petitioner submits that "[c]ounsel's failure to make the proper objection at the proper time deprived the petitioner of a trial court ruling on this issue and proper preservation for appellate review." *Id.*

The post-conviction court found Petitioner's claim to be without merit and held:

> Defendant's fourth allegation, that trial counsel was
> ineffective for failing to make a contemporaneous

objection to a statement elicited by the State that was
the basis of a defense motion to suppress, which was
denied. Defendant contends that counsel's failure to make
a contemporaneous objection precluded appellate review.
The State contends that Defendant is incorrect because
Defendant's case was a "pipeline" case, which is a case
pending appellate review, which was not final at the time
of a pertinent change in the law. Smith v. State, 598
So. 2d 1063, 1066 (Fla. 1992). 90.104(l)(b) was amended
and eliminated the necessity of renewed objections at
trial concerning evidence which was previously and
definitively excluded or admitted. Therefore, this issue
could have been raised on appeal and Defendant was not
prejudiced by this omission. Furthermore, it is highly
unlikely that the objection would have been sustained.

Exh. 15 at 3, ¶7.

As discussed earlier, the Court previously found that trial
counsel's failure to preserve the suppression issue did not excuse
Petitioner's procedural default of the suppression issue because
applicable Florida law did not require counsel to renew his
objection at trial to preserve it for appellate review. *Supra* at
10. Thus, Petitioner cannot meet the prejudice prong of the
*Strickland* analysis on either of these grounds. *See also Davis v.
Sec'y Dep't of Corr.,* 341 F.3d 1310, 1316 (11th Cir. 2003)
(holding that when failure of counsel involves solely his role as
appellate counsel at trial, the prejudice inquiry should focus on
the effect that counsel's omission at trial had on the appeal).
Consequently, the Court finds that the State court's decision on
this ground was neither contrary to, nor an unreasonable
application of, the clearly established federal law or an

unreasonable determination of the facts, and grounds 3(d) and 3(f) are denied as without merit.

### Ground 3(e)

In his last ground asserting ineffective assistant of counsel, Petitioner faults trial counsel for failing to obtain a ruling on the defense's motion for a mistrial. Petition at 8. Again, because the Petition is silent as to facts in support of this ground, the Court considers the ground exhausted only to the extent raised in Petitioner's Rule 3.850 motion. Exh. 12 at 17-19. Petitioner, therein, argues that the prosecutor advised the trial court that Detective Catania had been instructed not to mention any previous narcotic sales in response to questioning about where he previously had seen Rodriguez' car. *Id.* at 17. However, on direct examination in response to the prosecutor's question as to where he had seen Rodriguez' car, Detective Catania responded "I had seen it at our target's [Villerino's] residence on a previous transactions [sic]." Exh. 3C at 32. Petitioner claims that after defense counsel objected and moved for a mistrial, the court never ruled on the motion and the prosecutor continued questioning Detective Catania. Exh. 12 at 18. Consequently, Petitioner contends that counsel was deficient for failing to secure a ruling on the motion for mistrial, which also prohibited Petitioner from pursuing the matter on direct appeal. *Id.*

The post-conviction trial court found this claim was without merit and held:

> Defendant's fifth allegation, that trial counsel was ineffective for failing to secure a judicial ruling on a motion for mistrial is also without merit. The Motion for New Trial, attached hereto, shows that the Motion for Mistrial was denied.

Exh. 15 at 3, ¶8.

The Court finds ground 3(e) to be without merit. The record unequivocally reflects that the trial court ruled upon and denied the motion for mistrial. Exh. 14 at circuit court minutes, bates stamp number 1087-1505. In fact, in the Statement of Judicial Acts to be Reviewed and Motion for New Trial, defense counsel raised, *inter alia*, the following issue to be considered:

> That the Court erred in denying Defendant's Motion for Mistrial when the State elicited testimony of a previous drug transaction after stating earlier in the case that they would not do so.

*Id.* at 1087-4123-44, 1089-2122-23. Thus, the State court's decision on this ground was neither contrary to, nor an unreasonable application of, the clearly established federal law or an unreasonable determination of the facts, and the Court denies ground 3(e).

Based upon the foregoing, the Court denies the instant Petition. Any other claim not specifically addressed herein is found to be without merit under the legal principles set forth above.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.     The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED** for the reasons set forth herein.

2.     The Clerk of the Court shall enter judgment accordingly; terminate any pending motions; and, close this file.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this 17th day of May, 2010.

Charlene Edwards Honeywell
United States District Judge

SA: hmk
Copies: All Parties of Record